

## Office of the Attorney General
### State of Texas

March 29, 1995

**DAN MORALES**
ATTORNEY GENERAL

Ms. Rita Horwitz
Executive Director
State Pension Review Board
P.O. Box 13498
Austin, Texas 78711-3498

Opinion No. DM-340

Re: Whether the board of trustees of a public retirement system serves as a medical board or medical committee for purposes of the Open Meetings Act, Government Code section 551.078 and related question (RQ-529)

Dear Ms. Horwitz:

You have asked two questions regarding the confidentiality of medical records that the board of trustees of a public retirement system reviews as part of the process by which the board determines whether an applicant is eligible to receive disability retirement benefits. For purposes of this opinion, you ask us to assume the following:

1. No local ordinance addresses the question of whether the meeting of the trustees of a public retirement system is open to the public. That issue is determined entirely by state and federal law.

2. The trustees have no committee or subcommittee which deals with medical determinations. The trustees are required by the plan document to serve as the sole finders of fact and law on initial applications and reconsiderations of eligibility for disability retirement benefits.

Based on these two assumptions, you ask:

a) Is the board of trustees of a public retirement system serving as a medical board or medical committee as described in section 2(o) of the Open Meetings Act when reviewing or discussing medical records as part of its determination of the eligibility of a person to receive disability retirements benefits?

b) If your answer to the above is negative, does 29 C.F.R. 1630.14(c)(1) . . . overrule any provisions of Title 5, Chapter 551, Government Code which would otherwise require the

trustees to review and discuss medical records of employees and retirees in open session?

We will answer your questions in the order you asked them.

Sections 551.002 and 551.101 of the Government Code require a governmental body to open to the public every meeting it holds, unless the meeting is expressly excepted elsewhere. However, pursuant to section 551.078, the Open Meetings Act "does not require a medical board or medical committee to conduct an open meeting to deliberate the medical or psychiatric records of an individual applicant for a disability benefit from a public retirement system." You suggest that under section 551.078 the board of trustees of a public retirement system may conduct a closed meeting to review and deliberate on the medical and psychiatric records of an individual applicant for disability retirement benefits. We agree.

We believe that section 551.078 of the Government Code relieves the board of trustees of a public retirement system of the Open Meetings Act's requirement that the board's meetings be open "to deliberate the medical or psychiatric records of an individual applicant for a disability benefit from a public retirement system." That a public pension system board performs functions other than those described in section 551.078, does not, we think, remove it from the scope of section 551 078 while it is performing the functions described there. We do not believe that the legislature intended the policy expressed in section 551.078, of protecting public retirement systems' "medical committees" or "medical boards" considerations of disability applicants' medical records from the open meetings requirement, should vary in its application merely because limited resources or the administrative structure of such a system require that the public retirement system's board of trustees perform the "medical committee" or "medical board" functions. Of course, a board may not avail itself of the section 551.078 exception when it is performing functions other than those described in that section--for example, when the board moves beyond "consideration" of medical records to taking final action on an application for disability benefits.

In light of our conclusion that the board of trustees of a public retirement system may, under section 551.078 of the Government Code, consider the individual medical and psychiatric records of an applicant for disability retirement benefits in a closed meeting, we need not address your second question.

## S U M M A R Y

Under section 551.078 of the Government Code, the board of trustees of a public retirement system may consider the individual medical and psychiatric records of an applicant for disability retirement benefits in a closed meeting. In such circumstances, the board of trustees is serving as a medical board or medical committee for purposes of the Open Meetings Act. On the other hand, when the board of trustees is performing other functions, it may not conduct a closed meeting under section 551.078.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by William Walker
Assistant Attorney General